IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLINTON MICHAEL KING,<br><br>           Petitioner,<br><br>      v.<br><br>L.S. McEWEN, Warden,<br><br>           Respondent.<br>_____/ | No. C-12-5140 TEH (PR)<br><br>ORDER TO SHOW CAUSE AND GRANTING IN FORMA PAUPERIS STATUS<br><br>Doc. #2 |

Petitioner, a state prisoner incarcerated at California State Prison in Lancaster, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Lake County Superior Court.  Doc. #1. He also applies for leave to proceed <u>in forma pauperis</u>, which the Court grants.  Doc. #2.

I

According to the Petition and the attached documents, sometime in 2010, Petitioner pled guilty to two counts of lewd and lascivious acts.  The charges stem from incidents that occurred on October 29, 2004 involving the same victim, Jane Doe, who is

Petitioner's step-daughter.  On August 6, 2010, the court sentenced Petitioner to ten years in prison.  Petitioner sought post-conviction relief in the state appellate courts until the California Supreme Court denied his petition for review on November 2, 2011.  The instant federal Petition for a Writ of Habeas Corpus followed.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

It is difficult to ascertain exactly what claims Petitioner asserts, but it appears that he seeks federal habeas corpus relief on the following claims:  (1) his plea of guilty was not voluntary because he was coerced into agreeing to it, he was on mind altering drugs prescribed by his doctor, and the terms of the plea bargain were misrepresented by public officials; (2) ineffective assistance of counsel based on counsel's failure to communicate adequately with Petitioner, failure to interview witnesses important to the defense, failure to show or take an interest in Petitioner's defense and failure to fulfill counsel's professional duties; and (3) violation of the ex post facto clause regarding his sentencing.  Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from

2

Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Petitioner also alleges that the trial court erred by entering an order prohibiting contact between himself and Jane Doe; however, this claim states a violation of state law, not a violation of the federal Constitution or laws or treaties of the United States.  Therefore, this claim is not cognizable on habeas review and is denied.

### III

For the foregoing reasons and for good cause shown,

1. Petitioner's application to proceed in forma pauperis is granted.

2.  The Clerk shall serve a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

3.  Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do

3

so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.  Should Petitioner fail to do so, the Petition will be deemed submitted and ready for decision thirty days after the date Petitioner is served with Respondent's Answer.

4.  In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

5.  It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   *11/05/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\King 12-5140-osc.wpd

**4**