1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KLINTON MICHAEL KING,                     No. C-12-5140 TEH (PR)

             Petitioner,           ORDER DENYING PETITIONER'S
                                   SECOND REQUEST FOR APPOINTMENT
         v.                   OF COUNSEL; GRANTING PETITIONER
                                   ADDITIONAL TIME TO FILE
L.S. McEWEN, Warden,                      OPPOSITION OR MOTION FOR A STAY

             Respondent.           Doc. #13

_____/

     On October 3, 2012, Petitioner filed this pro se petition
for a writ of habeas corpus.  On the same day, Petitioner requested
appointment of counsel to assist him in preparing his traverse.
Doc. #3.  On November 6, 2012, the Court denied this request and
issued an order for Respondent to show cause (OSC) why a writ of
habeas corpus should not be granted.  Doc. ##4, 5.  In the OSC, the
Court indicated that, in lieu of an answer, Respondent may file a
motion to dismiss on procedural grounds and, if Respondent filed
such a motion, Petitioner had thirty days in which to file an
opposition.  Doc. #4 at 4.

     On April 8, 2013, Respondent filed a motion to dismiss the
petition for failure to exhaust state court remedies.  Petitioner's
opposition was due thirty days later, or by May 8, 2013.  Petitioner

did not file his opposition by this date. Instead, on May 22, 2013, he filed another motion for appointment of counsel on the ground that he has no legal knowledge and does not understand the meaning of a "traverse." He also states that his appellate counsel told him that his claims were exhausted by presenting them to the state Court of Appeal on direct appeal.

Petitioner's second request for appointment of counsel is DENIED for the same reasons stated in the Court's November 6, 2012 Order. The Sixth Amendment right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). The district court may appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require . . ." 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Rule 8(c), 28 U.S.C. foll. § 2254. The fact that Respondent has filed a motion to dismiss based upon lack of exhaustion does not change the fact that, at this stage of the proceedings, appointment of counsel is not warranted.

I

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek

United States District Court

For the Northern District of California

to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

Therefore, contrary to what Petitioner indicates his attorney told him, he must present all of his federal habeas claims to the California Supreme Court before they may be reviewed by a federal district court.  If Petitioner agrees with Respondent, that he has only presented claim three to the California Supreme Court, then he may either proceed in this Court on his one exhausted claim and dismiss his unexhausted claims, or he may file a motion to stay and abey his federal petition while he exhausts his unexhausted claims in state court.

There are two kinds of stays available in a habeas action: the Rhines stay and the King/Kelly stay.[1]  A stay under Rhines v. Weber, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  Id. at 277-78.  Any such stay must be

_____

[1]Litigants and courts often refer to the procedure as a "stay and abeyance."  The phrase refers to  the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust."  Rhines v. Weber, 544 U.S. 269, 275 (2005).  For convenience, the court refers to the combined procedure as a stay.

3

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1  limited in time to avoid indefinite delay.  Id.

2          The King/Kelly stay is the second kind of stay and is an

3  alternative method to deal with a petitioner who has some

4  unexhausted claims he wants to present in his federal habeas action.

5  Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th

6  Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d

7  1143 (9th Cir. 2007), "(1) a petitioner amends his petition to

8  delete any unexhausted claims; (2) the court stays and holds in

9  abeyance the amended, fully exhausted petition, allowing the

10  petitioner the opportunity to proceed to state court to exhaust the

11  deleted claims; and (3) the petitioner later amends his petition and

12  re-attaches the newly-exhausted claims to the original petition."

13  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315

14  F.3d at 1070-71).  A petitioner seeking to avail himself of the

15  Kelly three-step procedure is not required to show good cause as

16  under Rhines, but rather must eventually show that the amendment of

17  any newly exhausted claims back into the petition satisfies both

18  Mayle v. Felix, 545 U.S. 644, 659 (2005), by sharing a "common core

19  of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by

20  complying with the statute of limitations.  Id. at 1141-43.

21                                    II

22          In the interest of justice, the Court grants Petitioner

23  additional time in which to file his opposition to Respondent's

24  motion to dismiss.  Petitioner must file an opposition twenty-eight

25  (28) days from the date of this Order.  If Petitioner determines

26  that he has not exhausted all of his claims, instead of an

27  opposition, he may file a motion to stay and abey his petition, as

28                                    4

outlined above, or indicate to the Court that he wishes to dismiss his unexhausted claims and to proceed only on his exhausted claim.

Respondent has fifteen days from the date of Petitioner's filing to file a reply to the motion to dismiss or an opposition to a motion to stay and abey.

IT IS SO ORDERED.

DATED      _06/12/2013_

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\King 12-5140-deny-cnsl2.Brfg Sched.wpd

United States District Court
For the Northern District of California

5