# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLINTON MICHAEL KING, | No. C-12-5140 TEH (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS UNEXHAUSTED CLAIMS; ORDER TO SHOW CAUSE ON EXHAUSTED CLAIM |
| v. | |
| L.S. McEWEN, Warden, | Doc. #12 |
| Respondent. | |

On October 3, 2012, Petitioner filed this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. On November 6, 2012, the Court issued an order for Respondent to show cause (OSC) why a writ of habeas corpus should not be granted on three of the claims asserted in the Petition. Doc. #4. In the OSC, the Court indicated that, in lieu of an answer, Respondent may file a motion to dismiss on procedural grounds and, if Respondent filed such a motion, Petitioner had thirty days in which to file an opposition. Doc. #4 at 4.

On April 8, 2013, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies, arguing that only one of the claims the Court had found to be cognizable in its OSC had been exhausted. Respondent indicated that the unexhausted

claim alleged a violation of the ex post facto clause regarding Petitioner's sentencing. On May 22, 2013, instead of filing an opposition to the motion to dismiss, Petitioner filed a second motion for appointment of counsel stating that he did not know how to oppose Respondent's motion. Doc. #13. On June 13, 2013, the Court denied the motion for appointment of counsel and explained to Petitioner that he could oppose Respondent's motion if his claims were exhausted and, if claims were unexhausted, he could request a stay of his petition while he exhausted them in state court, or he could inform the Court that he wished to dismiss his unexhausted claims and proceed only on the ones that were exhausted. Doc. #14.

On July 11, 2013, Petitioner filed a letter with the Court indicating that he wished to dismiss his unexhausted claims and proceed with his exhausted claim. Doc. #15. The Court has examined the state court record submitted by Respondent with his motion to dismiss and is satisfied that it reflects that only Petitioner's ex post facto claim was brought to the state courts.

For the foregoing reasons and for good cause shown,

1. Respondent's motion to dismiss is GRANTED. Doc. #12. The unexhausted claims in the petition are dismissed. Petitioner's exhausted claim based on a violation of the ex post facto clause shall proceed.

2. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted on the ex post facto claim. Respondent

2

shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

3. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel, Pamela K. Critchfield, California State Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004. Petitioner also must keep the Court and Respondent informed of any change of address.

IT IS SO ORDERED.

DATED  *07/17/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.12\King 12-5140-Dis.Serve Exh Claim.wpd

3